IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFF HAWKINS,                              No C-10-0248 VRW (PR)

        Plaintiff,

    v                                      ORDER OF SERVICE

DEPUTY STAROSCIAK,

        Defendant.
_____/

       Plaintiff, a prisoner presently incarcerated at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 USC § 1983 alleging that Alameda County sheriff's Deputy Starosciak was deliberately indifferent to plaintiff's safety while he was a pretrial detainee in the Alameda County jail.  Specifically, plaintiff alleges that on November 1, 2005, Deputy Starosciak placed plaintiff in a holding cell with a known enemy who attacked and severely injured plaintiff.  Plaintiff alleges that Deputy Starosciak knew that plaintiff and the other detainee were subject to a "keep separate" order and that Deputy Starosciak deliberately ignored the order and failed to take any action to protect

plaintiff.  Plaintiff seeks damages.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v Atkins, 487 US 42, 48 (1988).

II

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v Brennan, 511 US 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id at 833; Hearns v Terhune, 413 F3d 1036, 1040 (9th Cir 2005); Hoptowit v Ray, 682 F2d 1237, 1250 (9th Cir 1982); Gillespie

2

1  v Civiletti, 629 F2d 637, 642 & n3 (9th Cir 1980).

2          A pretrial detainee is not protected by the Eighth
Amendment, however, because he has not been convicted of a crime.
See Bell v Wolfish, 441 US 520, 535 & n16 (1979).  Instead, pretrial
detainees are afforded protection under the Due Process Clause of
the Fourteenth Amendment.  See United States v Salerno, 481 US 739,
746-47 (1987); Bell, 441 US at 535-36.  The protections of the Due
Process Clause are at least as great as those of the Eighth
Amendment.  See Revere v Massachusetts General Hosp, 463 US 239, 244
(1983); Gary H v Hegstrom, 831 F2d 1430, 1432 (9th Cir 1987).  In
the Ninth Circuit, "deliberate indifference is the level of
culpability that pretrial detainees must establish for a violation
of their personal security interests under the [F]ourteenth
[A]mendment."  Redman v County of San Diego, 942 F2d 1435, 1443 (9th
Cir 1991) (en banc), cert denied, 502 US 1074 (1992).

         Liberally construed, plaintiff's allegations against
Deputy Starosciak described above appear to state a cognizable 42
USC § 1983 claim for a due process violation and defendant will be
served.

                                III

         For the foregoing reasons and for good cause shown:

         1.   The clerk shall issue summons and the United States
Marshal shall serve, without prepayment of fees, copies of the
complaint in this matter and all attachments thereto and copies of
this order on defendant.  The clerk also shall serve a copy of this

3

1 order on plaintiff.

2           2.   To expedite the resolution of this case, the court
3 orders as follows:

4           a.   No later than ninety (90) days from the date of
5 this order, defendant shall file a motion for summary judgment or
6 other dispositive motion.  A motion for summary judgment shall be
7 supported by adequate factual documentation and shall conform in all
8 respects to Federal Rule of Civil Procedure 56, and shall include as
9 exhibits all records and incident reports stemming from the events
10 at issue.  If defendant is of the opinion that this case cannot be
11 resolved by summary judgment or other dispositive motion, he shall
12 so inform the court prior to the date his motion is due.  All papers
13 filed with the court shall be served promptly on plaintiff.

14           b.   Plaintiff's opposition to the dispositive motion
15 shall be filed with the court and served upon defendant no later
16 than thirty (30) days after defendant serves plaintiff with the
17 motion.

18           c.   Plaintiff is advised that a motion for summary
19 judgment under Rule 56 of the Federal Rules of Civil Procedure will,
20 if granted, end your case.  Rule 56 tells you what you must do in
21 order to oppose a motion for summary judgment.  Generally, summary
22 judgment must be granted when there is no genuine issue of material
23 fact - that is, if there is no real dispute about any fact that
24 would affect the result of your case, the party who asked for
25 summary judgment is entitled to judgment as a matter of law, which
26 will end your case.  When a party you are suing makes a motion for

**4**

1 summary judgment that is properly supported by declarations (or
2 other sworn testimony), you cannot simply rely on what your
3 complaint says.  Instead, you must set out specific facts in
4 declarations, depositions, answers to interrogatories, or
5 authenticated documents, as provided in Rule 56(e), that contradict
6 the facts shown in defendant's declarations and documents and show
7 that there is a genuine issue of material fact for trial.  If you do
8 not submit your own evidence in opposition, summary judgment, if
9 appropriate, may be entered against you.  If summary judgment is
10 granted, your case will be dismissed and there will be no trial.
11 <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App
12 A).

13     Plaintiff also is advised that a motion to dismiss for
14 failure to exhaust administrative remedies under 42 USC § 1997e(a)
15 will, if granted, end your case, albeit without prejudice.  You must
16 "develop a record" and present it in your opposition in order to
17 dispute any "factual record" presented by the defendant in his
18 motion to dismiss.  <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir
19 2003).

20     d.   Defendant shall file a reply brief within
21 fifteen (15) days of the date on which Plaintiff serves him with the
22 opposition.

23     e.   The motion shall be deemed submitted as of the
24 date the reply brief is due.  No hearing will be held on the motion
25 unless the court so orders at a later date.

26     3.   Discovery may be taken in accordance with the Federal

5

1  Rules of Civil Procedure.  No further court order is required before
2  the parties may conduct discovery.
3          4.    All communications by plaintiff with the court must
4  be served on defendant, or defendant's counsel once counsel has been
5  designated, by mailing a true copy of the document to defendant or
6  defendant's counsel.
7          5.    It is plaintiff's responsibility to prosecute this
8  case.  Plaintiff must keep the court and all parties informed of any
9  change of address and must comply with the court's orders in a
10 timely fashion.  Failure to do so may result in the dismissal of
11 this action pursuant to Federal Rule of Civil Procedure 41(b).

         IT IS SO ORDERED.

                                 _____
                                 VAUGHN R WALKER
                                 United States District Chief Judge

G:\PRO-SE\VRW\CR.10\Hawkins-10-0248-order of service.wpd