FILED

AUG 23 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF HAWKINS,

    Plaintiff,

vs.

DEPUTY STAROSCIAK,

    Defendant.

No. C 10-0248 JW (PR)

**ORDER OF DISMISSAL**

(Docket Nos. 15, 27, 28, 34, 36, 38)

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. Defendant moves to dismiss the complaint on grounds that it is procedurally barred. For the reasons stated herein, Defendant's motion is GRANTED, and the action DISMISSED.

## BACKGROUND

Plaintiff alleges that Defendant Starosciak, an Alameda County deputy sheriff, demonstrated deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment. According to Plaintiff, Defendant placed him in the same cell

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\SJ.JW\CR.10\Hawkins248.mtd.md.wpd

as another detainee, Lamar Brooks, despite the fact that there was a "keep separate" order in effect for the two prisoners. (Compl., Ex. 2.) Plaintiff alleges that he then got into an altercation with Brooks, which resulted in injuries to Plaintiff's head requiring emergency medical care. (Id., Ex. 6.) On October 3, 2006, Plaintiff filed a state tort action regarding the incident in the Alameda County Superior Court. (Def.'s Request for Judicial Notice ("RJN"), Ex. 1). The state action was dismissed on October 2, 2009 in an order granting Defendant's motion for summary judgment, (id., Exs. 2, 3), and Plaintiff's appeal was dismissed for failing to procure the record on appeal, (id., Ex. 4). Plaintiff filed the instant federal civil rights action on January 19, 2010.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact, or unreasonable inferences, see Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). In ruling

on a Rule 12(b)(6) motion, the Court may not consider any material outside the complaint but may consider exhibits attached thereto. See Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion).

## DISCUSSION

Even construing Plaintiff's complaint in the light most favorable to him and accepting all factual allegations as true, his federal civil rights action is barred under the doctrines of collateral estoppel and res judicata because he litigated all cognizable issues and claims in state court.

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 80–81 (1984). There is no exception to the rules of issue and claim preclusion for federal civil rights actions under 42 U.S.C. § 1983 — the Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment. See Migra, 465 U.S. at 83–84; Allen v. McCurry, 449 U.S. 90, 97–98 (1980).

### I. Collateral Estoppel

Under California law, collateral estoppel, commonly known as issue preclusion, prohibits the re-litigation of issues decided in a prior proceeding if: (1) the issue is identical to the one decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior proceeding was final and on the merits; and (5) the party against whom preclusion is sought is the same or is in privy

with the party from the prior proceeding. Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990). "The party asserting collateral estoppel bears the burden of establishing these requirements." Id.

Here, the state superior court's decision satisfies the above requirements and therefore Plaintiff's federal suit is barred. The first element of collateral estoppel is present. Plaintiff relies on the exact same set of facts for the instant complaint as he did for his state court negligence action, and he addresses an identical underlying issue in both: whether Defendant was culpable for placing Plaintiff in the same cell as Brooks despite the "keep separate" order. See id. ("The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings.") In examining Defendant's mental culpability and finding that he did not act negligently, the state court also necessarily ruled out any possibility that Defendant deliberately placed Plaintiff in danger. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (articulating a higher standard of culpability required for a deliberate indifference claim than is necessary for a negligence claim).

The other elements of collateral estoppel are also present. The issue was actually litigated, as it was raised by the pleadings and determined by the court. Barker v. Hull, 191 Cal. App. 3d 221, 226 (1987) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated within the meaning of this Section. An issue may be submitted and determined on . . . a motion for summary judgment.") (citations and quotations omitted). The state court's determination that Defendant was not culpable necessitated the entry of summary judgment in favor of Defendant on Plaintiff's negligence claim. McGettigan v. BART Dist., 57 Cal. App. 4th 1011, 1016–17 (1997). This summary judgment decision is considered a "final and conclusive . . . determination of the merits," Stuart v. Lilves, 210 Cal. App. 3d 1215,

1219 (1989), and the parties here are the same as those in the prior action, (Compl. at 1; RJN, Ex. 1).

As all the elements of collateral estoppel are present, the issue raised in the § 1983 complaint regarding Defendant's culpability for placing Plaintiff in the same cell as Brooks is barred. Accordingly, Defendant's motion to dismiss on collateral estoppel grounds is GRANTED.

**2. Res Judicata**

Plaintiff's federal suit is also barred by the doctrine of res judicata. Under California law, res judicata, also known as claim preclusion, prohibits a second lawsuit involving the (1) same controversy (2) between the same parties or their privies (3) so long as the prior lawsuit was a final judgment on the merits. Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896–97 (2002).

Here, the elements of res judicata are met, precluding Plaintiff's § 1983 suit. First, Plaintiff's state tort action and the instant complaint involve the same controversy under California law: Defendant's potential culpability for the injury that resulted when he placed Plaintiff in the same cell as Brooks. In California, "primary rights theory" is used to determine whether the controversy in question is the same for res judicata purposes. See id. at 904. Under this theory, "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake," Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983), and as such "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief," Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975). The primary right at stake here, being based on the exact same incident and facts as Plaintiff's state tort action, is also the same — a prisoner's right to be free from being exposed to harm by guards. (Compl. at 3; RJN, Ex. 1.) The controversy is the same.

The second element of res judicata is also present. The parties to both suits are the same, with Hawkins the only plaintiff and Starosciak the only defendant. (Compl. at 1; RJN, Ex. 1.) The third element of res judicata is also present. The state superior court's order granting Defendant's motion for summary judgment is considered a final judgment on the merits under California law. Stuart, 210 Cal. App. 3d at 1219. The state superior court's decision was clearly a judgment on the merits, as indicated by the judge's statement that, given the undisputed facts of the case, "[t]here is no evidence to support Plaintiff's contention that Defendant . . . should have known he was creating an unreasonable risk of harm to Defendant [sic] by placing him in the same cell as Brooks." (RJN, Ex. 2.) All the elements of res judicata are met, and as such, Plaintiff's federal claim is barred.

Plaintiff brought suit against Defendant in the Alameda County Superior Court to redress an alleged wrong. At that time he had the opportunity to bring a § 1983 claim as well, which he failed to do. Clark v. Yosemite Community College Dist., 785 F.2d 781, 786 (1986) ("A section 1983 claim may be brought in California state courts."). The superior court dismissed Plaintiff's complaint on the merits and the California Court of Appeal dismissed his appeal. Plaintiff's deliberate indifference claim and the underlying issue of Defendant's culpability are barred by the doctrines of res judicata and collateral estoppel because a California court would find the claim and issue barred under California law.

Because Plaintiff is precluded from bringing his § 1983 action under the doctrines of collateral estoppel and res judicata, the Court need not address Defendant's arguments that Plaintiff's claim is also barred by (1) the statute of limitations, (2) the *Rooker-Feldman* doctrine, and (3) Plaintiff's failure to satisfy the § 1997e(a) exhaustion requirement.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss (Docket No. 15) is GRANTED, and the action is hereby DISMISSED.

Plaintiff's motions for a Rule 26(f) meeting (Docket No. 27), for an inspection (Docket No. 28), for the production of a dispositive motion (Docket No. 34), and for an extension of time to file joint status statement (Docket No. 36), are DENIED as moot. Plaintiff's motion for the appointment of counsel (Docket No. 38) is DENIED. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the Plaintiff seeking assistance requires an evaluation of the likelihood of the Plaintiff's success on the merits and an evaluation of the Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Plaintiff has not shown that exceptional circumstances exist in this case.

The Clerk shall enter judgment in favor of Defendant, terminate Docket Nos. 15, 27, 28, 34, 36, and 38, and close the file.

**IT IS SO ORDERED.**

Dated: 8/23, 2011

JAMES WARE
United States District Judge

Order Granting Defendant's Motion to Dismiss
G:\PRO-SE\SJ.JW\CR.10\Hawkins248.mtd.md.wpd

7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFF HAWKINS,

        Plaintiff,

v.

STAROSCIAK et al,

        Defendant.
_____/

Case Number: CV10-00248 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeff A. Hawkins F-18885
Pelican Bay State Prison
B6-212
P.O. Box 7500
Crescent City, CA 95532

Dated: August 24, 2011

        Richard W. Wieking, Clerk

        *Susan Imbriani*

        By: Susan Imbriani, Deputy Clerk